UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PETER THOMPSON,

     Plaintiff,                           Case No. 3:22-cv-327

vs.

MIKE POWELL, Director,                 District Judge Michael J. Newman
Department of Water at                Magistrate Judge Caroline H. Gentry
City of Dayton, *et al.*,

     Defendants.

---

**ORDER DENYING PLAINTIFF'S *PRO SE* MOTION FOR TEMPORARY
RESTRAINING ORDER AND EMERGENCY HEARING (Doc. No. 18)**

---

Liberally construing Plaintiff Peter Thompson's *pro se* complaint in his favor, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), he brings this civil case under the 42 U.S.C. § 1983 and the Americans with Disabilities Act.  Doc. No. 2.  The case is before the Court upon Plaintiff's *pro se* motion for a temporary restraining order and emergency hearing.  Doc. No. 18.

Plaintiff is a resident of Dayton, Ohio.  *Id.* at PageID 249.  He seeks a temporary restraining order because the City of Dayton's ("the City") Water Department posted signs on his street on May 1, 2023 that restricted parking due to maintenance that might begin as early as May 2, 2023.  *Id.* at PageID 248.  Plaintiff "feels this is a violation of due process and an attempt to circumvent the legal court process."  *Id.*  He also characterizes the parking signs and notice of maintenance as an "abuse of power."  *Id.*  Plaintiff seeks a  hearing "as to what the City of Dayton intends to accomplish[,]" and he asserts a "right to know what actions are being taken by design."  *Id.* at PageID 249.

The balance of factors applicable to Plaintiff's motion for temporary restraining order—substantial likelihood of success, irreparable injury, substantial harm to others, and the public interest, *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)—weigh wholly against Plaintiff.  His motion does not show he has a substantial likelihood of success in proving he suffered a constitutional violation and does not show he has or will suffer an irreparable injury.  Instead, he alleges actions (parking signs and street maintenance) lawfully taken by municipalities to promote public safety.  *Cf. Gibson & Perin Co. v. City of Cincinnati*, 480 F.2d 936, 945 (6th Cir. 1973) ("Under Ohio law[,] plaintiffs … have no property right in the continuation or maintenance of the flow of traffic past their property, and the diversion of traffic as a result of public improvement is not an impairment of a property right …." (citations omitted)).  In addition, a temporary restraining order stopping the City from limiting parking on a residential street during times of maintenance could harm residents and would not serve the public interest in the safety of residents and workers during street maintenance.  Because the balance of applicable factors weigh wholly against Plaintiff, his motion for a temporary restraining order lacks merit.  *See Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 710 (E.D. Mich. 2006) ("A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm." (citations omitted)).

In addition, Plaintiff's description of the City's actions indicates the City took reasonable steps to promote public safety rather than engaging in an abuse of power.  *Cf. Gibson & Perin Co.*, 480 F.2d at 945.  Lastly, for the above reasons, Plaintiff's motion presents no basis for holding an emergency hearing.

Accordingly, the Court **DENIES** Plaintiff's motion for temporary restraining order and

emergency hearing.

**IT IS SO ORDERED.**

May 4, 2023                                             s/Michael J. Newman
                                                        Hon. Michael J. Newman
                                                        United States District Judge

3