IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| PETER THOMPSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JEFFREY J. MIMMS, JR., *et al*.,<br><br>    Defendants. | Case No. 3:22-cv-00327<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

**DECISION & ORDER**

Plaintiff Peter Thompson, proceeding *pro se* and *in forma pauperis*, brings this action against Jeffrey J. Mimms, Jr., Mayor of the City of Dayton, and Mike Powell, Director of the Department of Water for the City of Dayton. Applying the increased liberality to which *pro se* litigants are entitled, this Court has interpreted Plaintiff's complaint as alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., in connection with Dayton's provision of water to his home. (ECF No. 2.) This matter is now before the Court on Plaintiff's Motion for Witness to Appear for Hearing (ECF No. 9) and Plaintiff's Motion for Telephonic Testimony (ECF No. 10). For the reasons set forth below, the Court denies those motions.

**I.    PLAINTIFF'S MOTION FOR WITNESS TO APPEAR FOR HEARING (ECF NO. 9)**

In his Motion for Witness to Appear for Hearing (ECF No. 9), Plaintiff asks the Court to "have Amber Nichole Kelly[, Plaintiff's stepdaughter,] appear at a hearing to

1

testify as a witness for the plaintiff." (ECF No. 9, PageID 103.) Plaintiff describes Ms. Kelly's experiences with the criminal justice system and alleges that "the municipality[1] has pushed for other charges which seem a bit suspicious." (*Id*. at PageID 104.) The motion concludes by stating that "[t]he plaintiff in the past has encountered some experiences that the federal system is aware of, and that state and local are not privileged to as to the sensitive nature which the plaintiff does not discuss openly." (*Id*. (sic all).)

Although "*pro se* filings should be liberally construed", *pro se* plaintiffs are still required to "han[g] the legal hat on the correct peg," and a plaintiff's *pro se* status does not obligate a court to "guess at" the nature of the relief sought. *Johnson v. E. Tawas Hous. Comm'n*, 2021 WL 7709965, at *1–2 (6th Cir. 2021) (internal citations omitted). Here, Plaintiff has not explained what type of hearing he has requested, the purpose of the hearing, or the legal basis for requesting a hearing. Nor has Plaintiff explained how Ms. Kelly's testimony is relevant to his claims under the ADA. Accordingly, the Court **DENIES** Plaintiff's Motion for Witness to Appear for Hearing (ECF No. 9).

II. **PLAINTIFF'S MOTION FOR TELEPHONIC TESTIMONY (ECF NO. 10)**

In his Motion for Telephonic Testimony (ECF No. 10), Plaintiff asks the Court "for consideration of using a telephonic subpoena to testify regarding an increase of the Plaintiff who believes defendants in this case directly or indirectly imposed a tax or lien that has increased the plaintiff's mortgage payments." (ECF No. 10, PageID 105.) Plaintiff's Motion does not identify the person who he wishes to subpoena, the purposes

---

[1] Presumably the City of Dayton, although Plaintiff does not specify.

2

of the hearing at which that person would testify, or the relevance that any testimony regarding a mortgage-payment increase might have to Plaintiff's claims under the ADA. The Court therefore finds that Plaintiff's Motion for Telephonic Testimony (ECF No. 10) is not well-taken and it is **DENIED**.

## IV. CONCLUSION

In sum, for the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Witness to Appear for Hearing (ECF No. 9) and Plaintiff's Motion for Telephonic Testimony (ECF No. 10).

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

### Notice of Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned

District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).